UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANGEL RUBEN GUZMAN,

                Petitioner,

       V.

T.R. CRAIG,

                Respondent

**REPORT AND
RECOMMENDATION**
07-CV-100

(DNH/VEB)

---

## I. INTRODUCTION

On January 29, 2007, Petitioner Angel Ruben Guzman, filed this petition *pro se* for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner does not challenge his

conviction, but rather the calculation of his sentence.  (Docket No.1).

This matter was referred to the undersigned by the Honorable Norman A. Mordue,

Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for a

report and recommendation. (Docket No. 6).

## II.  REPORT AND RECOMMENDATION

According to the Federal Bureau of Prisons' website,[1] Petitioner was released from

custody on November 1, 2007. Petitioner's release raises the question of whether this

petition is moot because it no longer satisfies the case or controversy requirement of Article

---

[1] www.bop.gov   (Inmate Register Number 69834-053)

III, § 2 of the U.S. Constitution.[2]

As with all litigants in federal court, Petitioner must satisfy the  case or controversy requirement of Article III, § 2, of the Constitution in order to be eligible for relief.   A case becomes moot if, *at any stage* of the proceedings, it fails to satisfy the case-or-controversy requirement.   Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004) and Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004).

In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist.   So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (internal quotation marks omitted) (citing, Spencer, 523 U.S. at 7 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002).

The Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral consequence exists.   Spencer v. Kemna, 523 U.S. 1, 8 (1998). In this case, Petitioner only challenges the calculation of his sentence, not his underlying conviction. (Docket No.1).   Accordingly, because no presumption of collateral consequences applies, Petitioner must prove the existence of a concrete and *continuing* injury now that he has been released from prison. Spencer, at 7.   Petitioner has not made any allegation that he has suffered any concrete and continuing injury since his release.

Thus, as a result of his release from custody, the Court finds that Guzman's petition

---

[2]A summary of the facts and background of the criminal case and the filing of the petition is unnecessary because Petitioner does not challenge his underlying conviction.

is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution.  Accordingly, this Court recommends that Petitioner's claim for habeas relief be DISMISSED as moot.

Additionally, Petitioner has failed to inform this Court of an updated address where he can receive correspondence.  Since Petitioner's release, almost one year ago, he has not notified this Court of any change of address. However, according to the official court docket, an Order of the Court, dated September 9, 2008, was sent via regular mail to Petitioner, but returned by the United States Postal Service as "undeliverable." (Docket No. 7).  Petitioner's failure to keep the Court informed of his current address is a violation of Rule 10.1(b) of the Local Rules of Civil Procedure and serves as a basis to dismiss the petition pursuant to Local Rule 41.2(b).

Local Rule 10.1(b) states that "[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address." Moreover, Local Rule 41.2(b) specifically provides that failure to notify the Court of an address change pursuant to Rule 10.1(b) "may result in the dismissal of any pending action."

It is well-settled that "[n]otification of a new address is essential for the orderly disposition of cases as it is not feasible for the court to independently maintain the current addresses of all parties to pending actions." Bourdon v. Walker, 453 F.Supp.2d 594 (N.D.N.Y.2006) (citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y.1998) (Pooler, D.J.)).

Thus, as a result of his release from custody, the Court recommends that Guzman's petition be DENIED as moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution.  Additionally, and as an independent

basis for dismissal, as a result of Petitioner's failure to furnish the Court with a current address, his petition should also be DENIED with prejudice pursuant to Local Rule 41.2(b). See Williams v. Faulkner, 1998 WL 278288 (N.D.N.Y. May 20, 1998); Walker, 453 F.Supp.2d 594; Green v. Rabideau, 2007 WL 499621, *4 (N.D.N.Y. February 13, 2007).

## IV. CONCLUSION

For the reasons stated above, the Court recommends Angel Ruben Guzman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:      September 22, 2008

Syracuse, New York

4

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

September 22, 2008

Victor E. Bianchini
United States Magistrate Judge